[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: POST JUDGEMENT MOTION FOR COUNSEL FEES
The plaintiff in this motion seeks to recover counsel fees incurred in the appeal of this action. Judgment was entered on July 17, 1996, in this court by Judge Shortall. In that judgment the plaintiff in addition to an award of periodic alimony received about 45% of the assets of marriage including assets which the defendant claims were not marital assets but gifts from his mother.[1] The award also included a transfer of a portion of Mr. Masi' monthly pension to increase her pension benefits.
On August 9, 1996 the defendant appealed this judgment to the Appellate Court. The appeal was dismissed on July 22, 1997. Thereafter the defendant filed motions in January 1998 to reopen/reargue, in March for reconsideration and then later that month a petition to the Supreme court for certification. All attempts of the defendant to reopen the dismissal of July 22, 1997 failed with the final petition being denied on April 15, 1998. The plaintiff has incurred in excess of $14,000.00 in attorneys fees in defending these appeals and seeks reimbursement from the defendant.
The court has considered the statutory criteria set forth in C.G.S 46b-62 and 46b-82. Having received monies both from the sale/transfer of the house and from the transfer of the savings bonds the plaintiff does have or did have cash to pay counsel fees to defend the appeal. Our Supreme court has said however that "the availability of `sufficient cash' to pay one's CT Page 1521 attorneys fees is not an absolute litmus test for making an award pursuant (General Statutes 46b-82." Andersen v. Andersen191 Conn. 46, 59.
The court can not say that the appeal was without merit or frivolous, and that with the transfer of funds from the defendant to the plaintiff of the monies due her under the judgment which the court assumes has been accomplished and is the basis of this decision, that the plaintiff does have sufficient cash and "ample liquid finds" to defend the appeal. The court does not feel however that the defendants actions after July 22, 1997 when the appeal was dismissed, were reasonable or justifiable which caused the plaintiff to incur additional attorneys fees unnecessarily. The attorneys fees that the plaintiff was required to incur after July 22, 1997 were necessitated by the defendants last ditch efforts to beat a "dead horse" which was "frivolous" and for which the plaintiff should he reimbursed. see Friedander v. Frielander 191 Conn. 81, 87-88.
The court therefore will order that the defendant pay to the plaintiff those fees incurred after July 2, 1997 in the amount of $3,599.50.
___________________________ PELLEGRINO (P)